UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER PARRA BORJA,
    Petitioner,
v.

Case No. 8:24-cv-83-TPB-AEP
Case No. 8:22-cr-97-TPB-AEP

UNITED STATES OF AMERICA,
    Respondent.
_____

**ORDER**

Alexander Parra Borja moves under 28 U.S.C. § 2255 to vacate his convictions and sentence for conspiring to possess with intent to distribute cocaine, and for possessing with intent to distribute cocaine, while aboard a vessel subject to the jurisdiction of the United States. After pleading guilty to both charges, he is currently serving a below guidelines sentence of 132 months. He challenges his convictions and sentence on three grounds of ineffective assistance of counsel. Parra Borja is entitled to no relief.

**I.    Background**

On March 1, 2022, a maritime patrol aircraft detected a go-fast vessel (GFV), with no indicia of nationality, in international waters approximately 119 nautical miles south of Isla Beata, Dominican Republic. The United States Coast Guard conducted a right-of-visit boarding and identified four Colombian nationals on board the GFV. Parra Borja identified himself as the master of the vessel and claimed Colombian nationality for both himself and the vessel.

1

The Coast Guard contacted the Colombian government to verify the vessel's nationality, but the Colombian government could neither confirm nor deny the vessel's registry or nationality. The Coast Guard seized 1,717 kilograms of cocaine from the GFV. (Crim. Doc. 127 at ¶¶ 7–10; Crim. Doc. 149 at 18–21) The United States submitted a State Department certification to the Court on June 21, 2022, establishing the United States' jurisdiction over the vessel. (Crim. Doc. 49)

Parra Borja was charged in a two-count indictment with (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b) and 21 U.S.C. § 960 (b)(1)(B)(ii); and (2) possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a) and 70506(a), 21 U.S.C. § 960(b)(1)(B)(ii) and 18 U.S.C. § 2. (Crim. Docs. 6, 137, and 149)

Parra Borja pleaded guilty without a plea agreement to both counts of the indictment. (Crim. Doc. 149) At the plea hearing, the United States recited the factual basis, which included that Parra Borja claimed Colombian nationality for both himself and the vessel, and that the Colombian government could neither confirm nor deny the vessel's nationality. (*Id.* at 19–20) The Coast Guard thus treated the vessel as one without nationality. (*Id.*

at 20)  Parra Borja did not disagree with any of the facts and affirmed they were true.  (*Id*. at 21)

The Probation Office calculated a total offense level of 35 and a guidelines range of 168 to 210 months. (Crim. Doc. 127 at ¶ 57)  At sentencing, the United States requested a 135-month sentence, which represented a two-level downward variance, to alleviate any sentencing disparity between Parra Borja and his codefendants.  (Crim. Doc. 148 at 4)  The district court observed that "[t]his particular boat ha[d] about the most drugs [the court had] ever seen in any of the cases that have been brought" and that, as the captain of the GFV, Parra Borja was "ultimately responsible for this trip."  (*Id*. at 11 and 13)  After reviewing the sentences imposed on Parra Borja's codefendants, the district court departed downward from the guidelines range and sentenced him to 132 months.  He filed no appeal.

## II. Analysis

Parra Borja now moves to vacate his convictions and sentence on three grounds of ineffective assistance of counsel.  He claims counsel was ineffective for (1) not challenging the constitutionality of the Maritime Drug Law Enforcement Act (MDLEA) (Ground One), (2) not protecting his constitutional rights (Ground Two), and (3) not challenging the district court's jurisdiction

3

(Ground Three). The United States responds that Parra Borja's claims are meritless.[1] (Civ. Doc. 6) Parra Borja replies. (Civ. Doc. 13)

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's representation fell below an objective standard of reasonable professional assistance; and (2) the petitioner was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 693–94 (1984). To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc*). A petitioner demonstrates prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### B. Ground One

In Ground One, Parra Borja claims that counsel rendered ineffective assistance by not challenging the constitutionality of the MDLEA. He is

---

[1] Alternatively, the United States correctly argues that, to the extent Parra Borja intended to raise substantive constitutional claims (rather than ineffective assistance claims), he procedurally defaulted those claims by not raising them before this district court or on direct appeal. (Civ. Doc. 6 at 6) The district court liberally construes Parra Borja's motion as raising claims of ineffective assistance of counsel and rejects them as meritless. *See Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) ("[A] federal court may skip over the procedural default analysis if a claim would fail on the merits in any event."); *Garrison v. United States*, 73 F.4th 1354, 1359 n.9 (11th Cir. 2023) (same).

4

entitled to no relief because this claim is foreclosed by binding precedent and because he waived this claim by pleading guilty.

The constitutionality of the MDLEA is well established by circuit precedent. "[The Eleventh Circuit] has held that the MDLEA is a valid exercise of Congress's power under the Felonies Clause as applied to drug trafficking crimes without a 'nexus' to the United States." *United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020) (citing *United States v. Cruickshank*, 837 F.3d 1182, 1188 (11th Cir. 2016) and *United States v. Campbell*, 743 F.3d 802, 805 (11th Cir. 2014)). And, "[the Eleventh Circuit] has held that the Fifth Amendment's Due Process Clause does not prohibit the trial and conviction of aliens captured on the high seas while drug trafficking because the MDLEA provides clear notice that all nations prohibit and condemn drug trafficking aboard stateless vessels on the high seas." *Cabezas-Montano*, 949 F.3d at 587 (citing *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003) and *United States v. Valois*, 915 F.3d 717, 722) (11th Cir. 2019)).

Parra Borja's reliance on *United States v. Davila-Reyes*, 23 F.4th 153 (1st Cir. 2022), *reh'g en banc granted, opinion withdrawn*, 38 F.4th 288 (1st Cir. 2022), *and on reh'g en banc*, 84 F.4th 400 (1st Cir. 2023), which held that Congress exceeded its power by defining a "vessel without nationality" to include vessels for which the crew claimed a nationality but the nation neither

5

confirmed nor denied, is misplaced. The First Circuit withdrew the panel opinion on which Parra Borja relies. Therefore, the opinion is "officially gone" and has "no legal effect whatsoever." *See United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002). Furthermore, the Eleventh Circuit has "decline[d] to adopt the holding of the First Circuit's now-withdrawn opinion in *Davila-Reyes* given our precedent concluding that other provisions of the MDLEA are constitutional under the Felonies Clause." *United States v. Santos-Santana*, No. 22-10367, 2022 WL 17973602, at *7 (11th Cir. Dec. 28, 2022).

Parra Borja demonstrates neither that counsel performed deficiently nor that he was prejudiced by counsel's performance in not challenging the constitutionality of the MDLEA. As explained *supra*, his challenge to the constitutionality of the MDLEA is foreclosed by binding precedent. And, counsel does not perform deficiently by failing to assert an argument that binding precedent forecloses. *See Denson v. United States*, 804 F.3d 1339, 1343 (11th Cir. 2015); *see also Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990) ("Counsel cannot be labeled ineffective for failing to raise issues which have no merit.").

Furthermore, by pleading guilty, Parra Borja waived claims based on events that occurred before entry of the plea, including a claim of ineffective assistance of counsel. *See Wilson v. United States,* 962 F.2d 996, 997 (11th Cir.

1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.").

### C.   Ground Two

In Ground Two, Parra Borja vaguely claims in one sentence that counsel was ineffective for not protecting his constitutional rights. (Civ. Doc. 1 at 5 and 10) He offers no factual support or explanation for this claim.

Although a district court may liberally construe a *pro se* § 2255 motion, the petitioner must "present a claim in clear and simple language such that the district court may not misunderstand it." *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013); *see also Walker v. Dugger*, 860 F.2d 1010, 1011 (11th Cir. 1988) (claims raised only superficially will not be treated as properly raised under § 2255).

Parra Borja's one-sentence claim in Ground Two that counsel rendered ineffective assistance by not protecting his constitutional rights is vague, conclusory, unsupported, and insufficient to sustain an ineffective assistance of counsel claim. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that conclusory statements, unsupported by specific facts or the record, are insufficient to demonstrate ineffective assistance of counsel). Additionally, he waived this claim by pleading guilty. *See Wilson*, 962 F.2d at 997.

7

**D.     Ground Three**

In Ground Three, Parra Borja claims that counsel rendered ineffective assistance by not challenging the district court's jurisdiction over a foreign vessel in international waters. He is entitled no relief on this claim because stipulated facts establish the district court's jurisdiction and because he waived this claim by pleading guilty.

The MDLEA makes it a crime to possess with intent to distribute a controlled substance or conspire to do so "[w]hile on board a covered vessel." 46 U.S.C. § 70503(a). A vessel is covered by the MDLEA if it is "subject to the jurisdiction of the United States." *Id*. § 70503(e)(1). A vessel is "subject to the jurisdiction of the United States" if it is "a vessel without nationality." *Id*. § 70502(c)(1)(A). As relevant here, a vessel is "without nationality" when the country of claimed registry "does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id*. § 70502(d)(1)(C). "Because stateless vessels do not fall within the veil of another sovereign's territorial protection, all nations can treat them as their own territory and subject them to their laws." *United States v. Rendon*, 354 F.3d 1320, 1325 (11th Cir. 2003).

Jurisdictional issues "are preliminary questions of law to be determined solely by the trial judge." 46 U.S.C. § 70504. "It is fundamental that parties may not stipulate to federal jurisdiction[;]" however, parties may "stipulate to facts that bear on [the court's jurisdiction]." *United States v. Iguaran*, 821 F.3d

8

1335, 1337 (11th Cir. 2016) (quotations omitted). "A court's task is to determine whether the stipulated facts give rise to jurisdiction." *Id.*

Stipulated facts establish the district court's jurisdiction over Parra Borja's vessel. Parra Borja agreed that, at the time of the interdiction by the Coast Guard, the vessel was located in international waters and displayed no indicia of nationality. (Crim. Doc. 149 at 19–20) He further agreed that (1) he identified himself as the master of the vessel, (2) he made a verbal claim of Columbian nationality for the vessel, and (3) the Colombian government could not confirm the vessel's nationality or registry. (*Id.*) Such stipulated facts establish that the vessel was without nationality and therefore subject to the jurisdiction of the United States. *See United States v. Gruezo*, 66 F.4th 1284, 1290 (11th Cir. 2023) (ruling that the defendant's stipulations "alone [are] sufficient . . . to affirm . . . that the vessel was subject to the jurisdiction of the United States"). Consequently, Parra Borja cannot show that counsel was ineffective, or that he was prejudiced by counsel's performance, in not advancing a meritless challenge to the district court's jurisdiction.

Furthermore, by pleading guilty, Parra Borja waived any claim that there was insufficient evidence to show that the vessel was "without nationality" and "subject to the jurisdiction of the United States." *See United States v. Ruiz*, 811 F. App'x 540, 543 (11th Cir. 2020) ("By pleading guilty, [the defendant] admitted that the vessel was in international waters and was

9

without a nationality [and] relinquished his challenges to the evidence showing that the vessel was stateless."); *United States v. Forbes-Suarez*, 553 F. App'x 913, 914 (11th Cir. 2014) (holding that, by pleading guilty, the defendant waived his as-applied challenge to the constitutionality of the MDLEA).

### B. Parra Borja's Motion to Amend and Reply

On March 27, 2024, Parra Borja moved to amend his § 2255 motion to add a fourth claim concerning counsel's failure to provide him a Spanish translation of documents. (Civ. Doc. 7) He claims that counsel violated due process by failing to provide him with a Spanish translation of a proposed (but unexecuted) plea agreement and that he was "induced [into] an ambiguous plea agreement that he refused and that he only accepted the proceedings in Court because his counsel instructed him to do so." (*Id.* at 1–3) He claims that he "never understood the plea agreement, he was driven blind by his counsel that just hold him to 'sign here' and for that reason he refused [to sign]." (*Id.*)

Subsequently, on May 21, 2024, Parra Borja filed his reply to the United States' response in opposition to his § 2255 motion in which he repeats his claim that "counsel never provided translated documents permitting [him] to fully understand the process that he was going through." (Civ. Doc. 13 at 3) He claims that "counsel never offered him a plea agreement or any other document in his native tongue." (*Id.* at 8) He argues that he had "no voice and

10

[was] dependent of his counsel to voice objections and to understand the process." (*Id.* at 6)

The United States correctly responds that Parra Borja's proposed claim—that counsel neglected to provide him with a Spanish translation of a proposed plea agreement or other unidentified documents—is untimely and does not relate back to his original § 2255 motion. (Civ. Doc. 11) The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). The one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The United States calculates that Parra Borja's judgment of conviction became final on February 15, 2023, when the time for filing a direct appeal

passed.[2] (Civ. Doc. 6 at 5 and Civ. Doc. 11 at 3); *see Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) (explaining that if a defendant does not pursue a direct appeal, his conviction becomes final upon the expiration of the period for filing a timely notice of appeal, or 14 days after entry of judgment). Therefore, he had until February 15, 2024, to file his § 2255 motion. He timely filed his original § 2255 motion on January 1, 2024. (Civ. Doc. 1-1 at 21); *see Washington v. United States*, 243 F. 3d 1299, 1301 (11th Cir. 2001) (pleadings filed by an incarcerated petitioner are deemed filed on the date they are placed into the prison's official mail system). However, he did not move to add his fourth claim until March 27, 2024—more than one month after his § 2255 filing deadline expired.

"When a prisoner amends his section 2255 motion after the expiration of AEDPA's one-year limitation period, claims in the amended motion are time-barred, unless the claim 'relates back' to a claim in the original, timely-filed motion." *Chin v. United States*, 853 F. App'x 640, 644 (11th Cir. 2021) (citing *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000)). "Under Rule 15(c), an amended pleading 'relates back' to the original pleading if the amended claim 'arose out of the conduct, transaction, or occurrence set out—

---

[2] The district court calculates that Parra Borja's judgment of conviction became final four days earlier, on February 9, 2023. Nevertheless, the district court accepts the later date of February 15, 2023, for purposes of ruing on the timeliness of his proposed claim.

12

or attempted to be set out—in the original pleading.'" *Id.* (quoting Fed. R. Civ. P. 15(c)(1)(B)).

To determine whether a claim relates back in the context of a petition for post-conviction relief, the district court considers whether, *Chin*, 853 F. App'x at 644:

> "the existence of a common 'core of operative facts' united the original and newly asserted claims." *Mayle* [*v. Felix*, 545 U.S. 644, 659 (2005))]. Habeas petitions are subject to a more demanding pleading standard than ordinary civil complaints; the Supreme Court has cautioned against applying Rule 15(c)'s "conduct, transaction, or occurrence" language at too high a level of generality. *See id.* at 661, 125 S.Ct. 2562; 655–56 (noting that petitioners seeking post-conviction relief must "specify all the grounds for relief available" and "state the facts supporting each ground"; "each separate congeries of facts supporting the grounds for relief . . . would delineate an "occurrence."
>
> An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650, 125 S.Ct. 2562. That an amended claim arises from the same trial and conviction is not enough to satisfy the "relate back" standard. *Id.*; *Davenport*, 217 F.3d at 1344.

Parra Borja's original § 2255 motion asserts three claims of ineffective assistance of counsel that concern counsel's failure to challenge the constitutionality of the MDLEA facially and as-applied to him. His proposed claim (as presented in both his motion to amend and his reply), however, concerns counsel's alleged failure to provide Spanish translations for a plea agreement and other unidentified documents, which inhibited his ability to

13

understand the proceedings.  His original § 2255 motion contains no complaint about counsel's failure to provide Spanish translations nor does it contain any challenge to the knowing and voluntary nature of his guilty plea.  Accordingly, his proposed claim does not relate back to his original § 2255 motion and is untimely because it asserts "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Mayle*, 545 U.S. at 650; *see also Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002) ("While Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment.").

Finally, even if Parra Borja timely-filed his proposed claim that counsel rendered ineffective assistance by not providing him a Spanish translation of a plea agreement, he is entitled to no relief because he fails to show that he was prejudiced by counsel's alleged performance.  He advances no argument to show that he was prejudiced by counsel's failure to provide a Spanish translation for a plea agreement to which he ultimately did not assent.  "To show prejudice after a rejected plea, an individual must 'establish a reasonable probability that, absent counsel's alleged ineffective assistance, he would have accepted the plea agreement.'"  *Lalani v. United States*, 315 F. App'x 858, 860–61 (11th Cir. 2009) (quoting *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir.

14

1991)). Parra Borja makes no argument that he would have accepted the plea agreement if counsel had provided a Spanish translation.

### III.   Conclusion

Parra Borja's motion under § 2255 to vacate, set aside, or correct his sentence (Civ. Doc. 1) is **DENIED**. And, his motion to amend (Civ. Doc. 7) is **DENIED**. The clerk is directed to enter a judgment against Parra Borja, terminate any pending motions, close this case, and enter a copy of this order in the criminal case.

## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL IN FORMA PAUPERIS

Parra Borja is not entitled to a certificate of appealability ("COA"). A prisoner moving under § 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Parra Borja must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues,

Parra Borja is entitled to neither a certificate of appealability nor an appeal in forma pauperis.

A certificate of appealability is **DENIED**. Leave to appeal in forma pauperis is **DENIED**. Parra Borja must obtain permission from the circuit court to appeal in forma pauperis.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of June, 2024.

**TOM BARBER**
**U.S. DISTRICT JUDGE**